**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| YUNIESKY GARCIA CAMBA,<br><br>Petitioner,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:26-CV-195-CMS |

**MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Yuniesky Garcia Camba's Petition for Writ of Habeas Corpus. (Doc. 1). Petitioner, a citizen of Cuba, has lived in the United States for more than three years but has never been lawfully admitted into the country. *Id.* ¶¶ 25–26. He is currently detained awaiting immigration proceedings. *Id.* ¶¶ 28–29, 30, 36. Petitioner asks the Court to order Respondents to either release him from immigration detention or give him a bond hearing, in addition to other relief. *Id.* at 8–9. Because Petitioner's detention pursuant to 8 U.S.C. § 1225 does not violate his right to due process, the Court denies his petition for a writ of habeas corpus.

## BACKGROUND

### I. Factual Background[1]

Petitioner is neither a citizen nor a national of the United States but is a citizen of Cuba. (Doc. 1 ¶ 25). He entered the United States without inspection in December 2022 and was apprehended by Respondents upon arrival. *Id.* ¶ 26. Petitioner was released from immigration detention a few days later and has lived in the United States ever since. *Id.* ¶¶ 26–27. Respondents

[1] The Court presumes that the facts alleged in the petition are true for purposes of this motion.

detained Petitioner again on March 26, 2026, pursuant to 8 U.S.C. § 1225, and he is now in custody at the Ste. Genevieve County Detention Center awaiting immigration proceedings. *Id.* ¶¶ 28, 31. Petitioner is charged with "having entered the United States without admission or inspection." *Id.* ¶ 29. Petitioner has a pending asylum application. *Id.* ¶ 30. Respondents are government officials or agencies that are either involved with Petitioner's detention or administering immigration laws more generally. *Id.* ¶¶ 13–15.

**II. Procedural Background**

Petitioner filed the instant petition for writ of habeas corpus on August 14, 2026. (Doc. 1). Petitioner argues that his detention violates his constitutional right to due process under the Fifth Amendment. *Id.* ¶¶ 16–24; 37–43, 45. He requests the Court:

> a. Assume jurisdiction over this matter; b. Order that Petitioner shall not be transferred outside the Eastern District of Missouri while this habeas petition is pending; c. Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three (3) days . . . ; d. Issue a Writ of Habeas Corpus requiring that Respondents release Petitioner . . . or . . . provide Petitioner with a fair bond hearing within seven (7) days . . . ; e. Declare that Petitioner's detention is unlawful; f. Award Petitioner attorney's fees and costs . . . ; and g. Grant any other and further relief that [the] Court deems just and proper.

*Id.* at 8–9. Because it plainly appears from the face of the petition that Petitioner is not entitled to relief, the Court will deny Petitioner's application without issuing a show cause order to Respondents. *See* 28 U.S.C. § 2243; *Perez Rodriguez v. Warden*, No. 1:26-CV-149-ZMB, 2026 WL 1853286, at *1 (E.D. Mo. June 26, 2026) (dismissing immigration habeas petition without issuing show cause order to respondents when it "plainly appears that [petitioner] is not entitled to relief."); *see also* Rules Governing § 2254 and § 2255 Proceedings, Rules 1(b), 4.

**DISCUSSION**

Petitioner argues that his detention "without an[] individualized determination that detention remains necessary to further a legitimate governmental purpose" violates the Due

Process Clause of the Fifth Amendment. (Doc. 1 ¶¶ 16–24; 37–43, 45). This Court already has analyzed this claim and concluded that mandatory detention under 8 U.S.C. § 1225 does not violate due process. *See, e.g., Negrete Ramirez v. Noem*, No. 1:25-CV-206-CMS, 2026 WL 251725, at *4–5 (E.D. Mo. Jan. 30, 2026); *Zhuang v. Bondi*, No. 1:25-CV-201-CMS, 2026 WL 352872, at *5 (E.D. Mo. Feb. 9, 2026); *Hanslick Moran v. Warden*, No. 1:26-CV-83-CMS, 2026 WL 1693766, at *1–2 (E.D. Mo. June 11, 2026) (finding that mandatory detention did not violate the due process rights of a petitioner with an asylum claim). Thus, it plainly appears from the face of the petition that Respondents have not denied Petitioner due process by detaining him without an individualized determination pending removal proceedings.

**CONCLUSION**

Petitioner Yuniesky Garcia Camba's detention does not violate the Due Process Clause of the Fifth Amendment. He is lawfully detained pending removal proceedings.

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's petition for a writ of habeas corpus (Doc. 1) is **DENIED**. The Clerk of Court is directed to mail a copy of this order to Petitioner.

So ordered this 18th day of August 2026.

**CRISTIAN M. STEVENS**
**UNITED STATES DISTRICT JUDGE**